IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NEUBERGER, QUINN, GIELEN, RUBIN &, GIBBER, P.A., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| UNITED STATES OF AMERICA *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

Case No. 1:22-cv-02129-BPG

## **ANSWER OF THE UNITED STATES**

The United States answers and responds to the complaint as follows:

### **FIRST DEFENSE**

Plaintiff cannot state a claim upon which relief can be granted for damages under 26 U.S.C. § 7426(h) because Plaintiff has not exhausted its administrative remedies under 26 U.S.C. §§ 7426(h)(2), and 7433(d)(1) and 26 C.F.R. § 301.7433-1(d).

### **SECOND DEFENSE**

The United States has not waived its sovereign immunity for Plaintiff's claim for damages under 26 U.S.C. § 7426(b) because Plaintiff has not exhausted its administrative remedies under 26 U.S.C. §§ 7426(h)(2), and 7433(d)(1) and 26 C.F.R. § 301.7433-1(d).

1

## THIRD DEFENSE

The United States responses to the allegations set forth in the numbered paragraphs in the complaint as follows:

1. The United States admits that Plaintiff's action seeks the listed relief, and denies the remaining allegations in paragraph 1.

2. The United States admits the allegations in paragraph 2.

3. Paragraph 3 states legal conclusions; to the extent a response is required, the United States admits that 26 U.S.C. § 7426 authorizes actions for wrongful levy and denies the remaining allegations in paragraph 3.

4. The first sentence of paragraph 4 states a legal conclusion; to the extent a response is required, the United States admits that the Court has jurisdiction under 26 U.S.C. § 7426(a)(1) to seek the turnover of property and otherwise denies the Plaintiff may receive additional relief. As to the second sentence of paragraph 4, the United States admits that Plaintiff claims an interest in the levied property and denies the remaining allegations.

5. The first sentence of paragraph 5 states a legal conclusion; to the extent a response is required, the United States admits that venue is proper in this District and denies the remaining allegations in paragraph 5. The United States avers that the Notice of Levy was served on PNC Bank, which has a branch in Baltimore, Maryland.

6. The United States admits that Plaintiff's principal office is in Baltimore and has been in existence for more than thirty years, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 6.

7. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8. The United States denies "Lechim Holdings"[1] is a Maryland corporation and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8. The United States avers that the properly named Lehcim Holdings, Inc. is a Maryland corporation.

9. The United States denies the allegations in paragraph 9.

10. The United States admits that Plaintiff or its principals are officers of Lehcim and lacks knowledge or information to sufficient to form a belief as to the truth of the allegation that Plaintiff and its principals are legal counsel to Lehcim.

11. The United States admits that the nominal owners of Lehcim are non-U.S. persons. The United States denies that those persons are the beneficial owners, and it denies the remaining allegations in paragraph 11.

12. The United States admits that Plaintiff and Lehcim filed separate income tax returns. The United States lacks knowledge of information sufficient to form a belief as to whether they filed all "required filings to the tax authorities," and it denies the remaining allegations in paragraph 12.

13. The United States denies the levy was "directed towards the operating account of Plaintiff," and it admits the remaining allegations in paragraph 13.

14. The United States admits the allegations in paragraph 14.

15. The United States admits the allegations in paragraph 15.

16. The United States denies the allegations in paragraph 16 to the extent the Plaintiff is the alter ego of Lehcim.

---

[1] Plaintiff misspells "Lehcim" as "Lechim" throughout its Complaint. For the purpose of the remaining answers to Plaintiff's numbered allegations, the United States construes that all references to "Lechim" are in fact to Lehcim Holdings, Inc.

17. Paragraph 17 states a legal conclusion; to the extent a response is required, the United States admits that the United States' tax liens attach to all property and rights to property of Plaintiff, but it denies that the levy only reaches property in PNC Bank's possession under 26 U.S.C. 6331(b).

18. The United States admits that the first sentence of paragraph 18 correctly quotes the Notice of Levy. The United States admits that prior to the service of the Notice of Levy, the Internal Revenue Service did not inform Plaintiff it had determined Plaintiff was the alter ego of Lehcim, and it denies the remaining allegations in the second sentence of paragraph 18.

19. The United States admits the allegations in paragraph 19. The United States avers that 26 U.S.C. § 6331(d) requires notice of the levy be given only to Lehcim.

20. The United States denies that the IRS directed PNC Bank in the Notice of Levy to "freeze "Plaintiff's operating account. It admits the remaining allegations in paragraph 20.

21. The United States admits the allegations in paragraph 21.

22. The United States admits that the liabilities for which the United States levied were liabilities of Lehcim, and denies that they were not also liabilities of Plaintiff. The United States admits that the levy was issued against Plaintiff's property as the alter ego of Lehcim, and denies the remaining allegations in paragraph 22.

23. The United States denies that Maryland law controls the alter ego determination. The United States further avers that alter ego is determined as a matter of federal common law in a federal tax case. Accordingly, the allegations of paragraph 23 are denied.

24. The United States denies that Maryland law applies and thus denies the allegation in paragraph 24.

25. The United States denies the allegations in paragraph 25.

26. The United States denies the allegations in paragraph 26.

27. The United States denies the allegations in the first sentence of paragraph 26. The United States admits that Plaintiff's existence predates Lehcim. The United States lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence of paragraph 27.

28. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29. The United States denies the allegations in the first sentence of paragraph 29. The United States admits Plaintiff controls funds on behalf of Lehcim that are maintained in Plaintiff's attorney trust account. The United States denies the remaining allegations in the second sentence of paragraph 29. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the third sentence of paragraph 29.

30. The United States denies the allegations in paragraph 30.

31. The United States denies the allegations in the first sentence of paragraph 31. The United States admits that it disallowed Lehcim's claimed net operating losses, and it denies the remaining allegations in the second sentence of paragraph 31.

32. The United States admits that the assessments against Lehcim were for the tax years 2010 through 2015, and denies the remaining allegations in paragraph 32.

33. The United States denies the allegations in paragraph 33.

34. The United States denies the allegations in paragraph 34.

35. The United States denies the allegations in paragraph 35.

36. The United States denies the allegations in paragraph 36.

37. The United States denies the allegations in paragraph 37.

38. The United States denies the allegations in paragraph 38.

39. The United States denies the allegations in paragraph 39.

40. The United States denies the allegations in paragraph 40.

41. The United States admits the National Taxpayer Advocate provided legislative recommendations to Congress regarding notice requirements that have not been enacted into law. The United States denies the remaining allegations in paragraph 41 and specifically notes that the Plaintiff has mischaracterized the statements in the recommendation.

42. The United States denies the allegation of paragraph 42, and it specifically notes the National Taxpayer Advocate is independent of the IRS, it made legislative proposals that have not been adopted, and the Plaintiff is misattributing quotes from practitioners to the IRS.

43. The United States denies the allegation of paragraph 43.

44. The United States denies the allegations in paragraph 44.

45. The United States denies the allegations in paragraph 45.

46. The United States admits that the passage quoted in the first sentence of paragraph 46 is quoted correctly. The United States admits that hearings under Section 6330(a) are referred to as "Collection Due Process" hearings, but it denies Plaintiff's characterizations about the scope of the issues in such hearings. *See* 26 U.S.C. § 6330(c).

47. The United States denies the allegations in paragraph 47 and avers that Plaintiff was not, for the purposes of the levy in this case, the person required to get notice under 26 U.S.C. § 6330(a)(1).

48. The United States denies the allegation of paragraph 48.

49. The United States denies the allegations in paragraph 49.

50. The United States denies the allegations in paragraph 50 to the extent that Plaintiff alleges the Internal Revenue Manual's procedures are requirements with the force of law, otherwise the United States admits the allegations in paragraph 50.

51. The United States denies the allegations in paragraph 51 to the extent that Plaintiff alleges the Internal Revenue Manual's procedures are requirements with the force of law, otherwise the United States admits the allegations in paragraph 51.

52. The United States admits the allegations in paragraph 52.

53. The United States admits that Plaintiff argued in its CAP Appeal that it was not the alter ego of Lehcim, that it submitted documents, and that it made arguments. The United States denies that the arguments were accurate or that the IRS lacked a basis to affirm its determination. Thus it denies the remaining allegations of paragraph 53.

54. The United States admits that Plaintiff argued the points alleged in its CAP Appeal, and it denies the remaining allegations in paragraph 54.

55. The United States admits the allegations in paragraph 55.

56. The United States admits that a managerial conference was held with Plaintiff, admits that Revenue Officer Erin Kennedy and Michael Desrosiers attended the conference, and denies the remaining allegations in paragraph 56.

57. The United States admits the allegations in the first sentence of paragraph 57. The United States denies the allegations in the second sentence of paragraph 57. The United States admits that the IRS did not provide privileged analysis of IRS Chief Counsel attorneys to Plaintiff and denies the remaining allegations in paragraph 57. The United States avers that the manager also informed Plaintiff that the IRS could not provide return information as it was confidential return information.

58.     The United States admits that Michael Desrosiers indicated that the Notice of Levy was approved by counsel, and it denies the remaining allegations in the first sentence of paragraph 58. The United States admits that the IRS did not provide privileged analysis of IRS Chief Counsel attorneys to Plaintiff, and denies the remaining allegations in the second sentence of paragraph 58. The United States admits that the manager affirmed the levy, and denies the remaining allegations in the third sentence of paragraph 58.

59.     The United States denies the allegations in paragraph 59.

60.     The United States admits the allegations in the first sentence of paragraph 60. The United States admits the allegations in the second sentence of paragraph 60 and avers that the CAP procedures, which do not confer rights upon taxpayer that have the force of law, are available in the Internal Revenue Manual ("I.R.M.") 5.1.9.4.4.1.

61.     The United States admits the allegations in the first sentence of paragraph 61. The United States admits that Plaintiff's operating account was frozen during this time period, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence of paragraph 61.

62.     The United States denies the allegations in paragraph 62.

63.     The United States denies the allegations in paragraph 63.

64.     The United States admits the dates of approvals alleged in paragraph 64, and it denies the remaining allegations in paragraph 64.

65.     The United States admits the allegations in paragraph 65.

66.     The United States admits the allegations in the first sentence of paragraph 66. The United States denies the allegations in the second sentence of paragraph 66.

67.     The United States denies the allegations in paragraph 67.

68. The United States denies that the stated CAP appeal standard is contrary to the statement of Appeals Officer Andrea Etchison, and admits the remaining allegations in paragraph 68.

69. The United States admits that, per the IRS's procedures for CAP appeals, Appeals may not affirm a levy if there is no underlying basis for the levy.

70. The United States admits that Plaintiff sent correspondence to the IRS, and denies the remaining allegations in paragraph 70.

71. The United States admits that the correspondence raised the issues listed in subparagraphs 71(a)-(d). The United States generally denies the accuracy of these allegations.

72. The United States denies the allegations in the first sentence of paragraph 72. The United States admits that AO Etchison maintained no ex parte communications occurred. The United States avers that the provision of IRS Counsel's opinion to an appeals officer is not an ex parte communication.

73. The United States denies the allegations in paragraph 73.

74. The United States denies the allegations in paragraph 74.

75. The United States denies that the IRM's requirements have the force of law, thus the United States denies the allegations in the first sentence of paragraph 75. Further the IRM does not require "review from the Advisory function" in all cases per the cited IRM provision and denies the remaining allegations in paragraph75.

76. The United States denies the allegations in paragraph 76 to the extent that Plaintiff alleges the Internal Revenue Manual's procedures are requirements with the force of law, otherwise the United States admits that Chief Counsel approval is part of the IRS's procedures.

77. The United States denies the allegations in paragraph 77.

78. The United States admits that the entire file is not subject to the attorney-client privilege and that only certain records within it are subject to the attorney-client privilege. The United States denies the remaining allegations of paragraph 78.

79. The United States denies the allegations in paragraph 79. The Plaintiff mischaracterizes the ex parte rules, which prohibit communications, not review of administrative files.

80. The United States denies the allegations in paragraph 80.

81. The United States admits the allegations in paragraph 81.

82. The United States denies the allegations in paragraph 82 to the extent that Plaintiff alleges the Internal Revenue Manual's procedures are requirements with the force of law. The United States admits that the provision cited in the first sentence of paragraph 82 uses the words "clearly outline," denies that Plaintiff's characterization of the cited provision is accurate or complete, and avers that the cited source addresses "closing letters." The United States denies the allegations in the second sentence of paragraph 82, averring that the very next sentence of the IRM provides that the Appeals Case Memo, if prepared, does not need to be shared with the taxpayer.

83. The United States admits the allegations as to the closing letter sent to Plaintiff, and it denies the allegations in paragraph 83 to the extent Plaintiff alleges that a closing letter under I.R.M. 8.24.1.3.8(14) must contain the same information as an Appeals Case Memo under I.R.M. 8.24.1.3.8(15).

84. The United States admits the allegations in the first sentence of paragraph 84. The United States denies the allegations in the second sentence of paragraph 84.

85. The United States denies the allegations in paragraph 85.

86. The United States admits the allegations in paragraph 86.

87. The United States admits that Plaintiff made the allegations in its response to the determination from IRS appeals, but it denies the allegations themselves.

88. The United States admits the allegation in the first sentence of paragraph 88. The United States denies the allegations in the second sentence of paragraph 88. The United States admits that the determination letter did not explain how to contest the determination in Court, and denies the remaining allegations in paragraph 88.

89. The United States admits the allegations in paragraph 89 as to seeking a release of the levy or turnover of property and denies as to any other remedy available under 26 U.S.C. §§ 7426 or 7433.

90. The United States denies the allegations in the first sentence of paragraph 90. The United States lacks knowledge or information sufficient to form a belief as to the truth of the remaining hypothetical allegations regarding administrative futility. The United States avers that Plaintiff has not made an administrative claim for damages as required by 26 U.S.C. § 7426(h)(2).

91. The United States denies the allegations in paragraph 91.

92. The United States denies the allegations in the first sentence in paragraph 92. The United States admits that Lehcim has held funds in an escrow account maintained by Plaintiff, denies that Plaintiff's funds are not commingled with Lehcim's, and lacks knowledge or information sufficient to form a belief as to the truth of the allegation that separate accounting is maintained for each client's funds within the escrow account as required by law.

93. The United States realleges its responses to paragraphs 1-92 as if fully set forth herein

94. The United States denies the allegations in paragraph 94.

95. The United States admits the allegations in paragraph 95, except that it denies Plaintiff has exhausted its administrative remedies for its claim for damages under 26 U.S.C. § 7426(h)(2).

96. The United States denies the allegations in paragraph 96.

WHEREFORE, the United States requests that the Court deny Plaintiff all relief it seeks, dismiss the Complaint, and grant such other relief that the Court deems appropriate.

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Ryan O. McMonagle*
RYAN O. MCMONAGLE
KRISTINA M. PORTNER
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
202-307-1355 (v); 202-514-0451
202-514-6866 (f)
Ryan.McMonagle@usdoj.gov
Kristina.M.Portner@usdoj.gov