# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NEUBERGER, QUINN, GIELEN, RUBIN & GIBBER, P.A., | ) ) | Case No. 1:22-cv-02129-BPG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

_____

### UNITED STATES' FIRST SET OF INTERROGATORIES

The United States of America, by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 33, requests that the Plaintiff Neuberger, Quinn, Gielen, Rubin & Gibber, P.A., respond to the following Interrogatories within 30 days.

### INSTRUCTIONS

1.      Responses to these Interrogatories shall be provided in writing and served upon counsel for the United States by email sent to ryan.o.mcmonagle@usdoj.gov and kristina.m.portner@usdoj.gov in emails not to exceed 20 MB each or via JEFS (the Department of Justice's version of Box.com). To the extent the responses cannot be served via email or JEFS, please contact the undersigned to make different arrangements.

2.      You shall provide all responsive information in your possession, custody, or control, including, without limitation, all information that is available to you, your agents, representatives, accountants, attorneys, professionals, fiduciaries, or any other source from which such information may reasonably be obtained.

3.      If you do not know and cannot reasonably obtain the answer to an interrogatory or any portion thereof, you shall:

1

a.      Respond to the extent possible;

b.      State the reasons why you cannot respond to the remainder;

c.      Describe the efforts you made to secure the requested information; and

d.      Identify any Person who may possess the requested information or the location where that information is found.

4.      If you object to an interrogatory on the ground that it seeks information you believe to be privileged, protected, or otherwise immune from discovery, you must furnish an index with the following information: (a) the nature of the privilege, immunity, or other ground claim; (b) the name and position of each author, preparer, sender, addressee, and recipient of the document; (c) the date of the document; (d) the type of document (e.g., memorandum, letter, report, or email.); and (f) a general description of the subject matter of the document sufficient to enable the requesting party to assess the applicability of the claimed privilege, immunity, or other ground for the refusal to produce.

5.      If you object to part of an interrogatory, you shall state the objection and respond to the remainder of the interrogatory.

6.      To the extent you choose to produce business records in response under Fed. R. Civ. P. 33(d), the records should be produced in a manner consistent with the United States' instructions to its first set of requests for production.

7.      If responsive documents or information have been lost, destroyed, or otherwise disposed of, provide the following:

a.      A detailed description of the document and its contents, including, without limitation, the document's date of creation, originator, recipients, and subject;

b.      A description of the facts surrounding the loss, destruction, or other disposition, including, without limitation: (a) the date of loss, destruction, or other disposition; (b) the name, address, and telephone number of the person(s) who authorized, requested, or performed the destruction or other disposition; and (c) the name, address, and telephone number of any person who may be familiar with the document and who is capable of discussing the contents.

8.      These Interrogatories are deemed to be continuing in nature, and you are required to supplement your responses hereto promptly if further information is obtained, either directly or indirectly, between the time of these answers and the time of trial.

## DEFINITIONS

1.      Plaintiff, You, Your, Yours, Neuberger Quinn..  The words "Plaintiff," "you," "your," "yours," and "Neuberger Quinn" refer to Plaintiff Neuberger, Quinn, Gielen, Rubin, & Gibber, P.A., and any attorneys or agents acting on Neuberger, Quinn, Gielen, Rubin, & Gibber, P.A.'s behalf.

2.      Lehcim. The word "Lehcim" refers to Lehcim Holdings, Inc., its officers, directors, and agents including but not limited to any attorneys acting on Lehcim Holdings, Inc.'s behalf.

3.      Agents.  The word "agents" shall include but not be limited to attorneys, accountants, professionals, and other representatives.

4.      Person.  The word "person" shall include individuals, partnerships, joint ventures, firms, associations, proprietorships, corporations, or other such entities, along with their subsidiaries and divisions, and the individual members, employees, and agents thereof.

3

5.     <u>Document</u>.  The word "document" is to be liberally construed to include, but is not limited to, all of the following items, whether written or produced by hand; printed, written, produce, recorded, or reproduced by any mechanical process; electronically or magnetically recorded or stored; recorded upon any tangible thing; or stored in any retrievable form by means of communication, representation, or data retention not otherwise described in this paragraph:

> agreements; draft agreements; contracts; draft contracts; correspondence; memoranda; summaries or records of personal conversations, interviews or statements; diaries; desk calendars; graphs; reports; computer tapes; computer disks; computer files; computer printouts; electronic mail communications (e-mails); electronic text communications (e.g., SMS, Slack, Sametime, Teams, and other messaging software and applications), summaries or records of any meetings; conferences; summaries or records of investigations or audits; summaries of any negotiations; opinions of consultants; photographs; motion picture films; video tapes; magnetic tapes; audio cassettes; microfilm; microfiche; brochures; pamphlets; advertisements; circulars; press releases; drafts; checks; letters; telegrams; cables; telexes; facsimiles; telecopies; judicial records; maps; financial statements; drafted financial statements; trial balances; general ledgers; subsidiary ledgers; financial journals; worksheets; work papers; receipts; invoices; registers; registrations; filings; statements; bank statements; brokerage statements; insurance policies; credit reports; appraisals; confirmations; surveys; budgets; forecasts; tax returns; blueprints; diagrams; specifications; licenses; and all other forms of media involving the transmission, representation, communication, or storage of information, including writings that constitute a translation into any language other than the language in which the original exists.

Furthermore, different versions of a document (including, but not limited to drafts, revisions, or versions with notes and/or marks not found on the original or other copies) shall be considered distinct documents that must be produced.

6.     <u>Communication</u>.  The word "communication" includes, but is not limited to, the transmission of all written, electronic, or verbal discussions, correspondence, statements, conversations, ideas, memoranda, notations, letters, notices, and documents.

4

7.    <u>Relating and/or Concerning</u>.  The phrases "relating to," "related to," "relates to" or "concerning" a subject shall mean any document or communication that constitutes, contains, embodies, evidences, reflects, supports, undermines, negates, contradicts, concerns, identifies, states, refers to, regards, records, deals with, describes, or in any way pertains to that subject.

8.    <u>Each and/or Every</u>.  The word "each" shall be construed to include the word "every," and the word "every" shall be construed to include the word "each," as necessary to bring within the scope of these requests information that might otherwise be construed to be outside their scope.

9.    <u>Any and/or All</u>.  The word "any" shall be construed to include the word "all," and the word "all" shall be construed to include the word "any," as necessary to bring within the scope of these requests information that might otherwise be construed to be outside their scope.

10.    <u>Identify</u>. The word "identify" means,

a.    With respect to a person, to provide that person's (i) full name; (ii) current address and telephone number; (iii) current employer; (iv) current business address and telephone number; and (v) current job position or title.

b.    When an interrogatory requests that a writing, document, or record of any kind be identified, provide the following information about such writing, document, or record: (i) the title; (ii) the identity of the person who is in possession, custody, or control of the document; and (iii) the identity of all persons who are mentioned in or a signatory to, or were present at the formation or execution of the writing, document, or record.

c.    If the writing, document or record has been destroyed or lost and all copies: thereof have been destroyed or lost, state (i) the date of destruction or loss; (ii)

Whether it has been transferred voluntarily or involuntarily to others, and if so,

their identity; and; (iii) all dates, essential terms, and other details of said writing,

document, or record, and (iv) the identity of any person known to you who can

give competent secondary evidence of its contents

11.    <u>Singular and Plural</u>.  The singular form of a word shall include the plural of that word, and the plural shall include the singular, as necessary to bring within the scope of these requests information that might otherwise be construed to be outside their scope.

## **<u>INTERROGATORIES</u>**

1.    Describe the business purpose and operations of Lehcim.

2.    Identify all persons with knowledge of the operations of Lehcim.

3.    Describe how Lehcim made its decisions regarding its operations. Your response should include who was involved, whether meetings were held, how decisions were recorded, and how those decisions were then executed. If a person from Neuberger Quinn was involved in this process, describe how they separated their role as an officer, director, or employee of Lehcim from their role as an attorney at Neuberger Quinn.

4.    Describe each matter where Neuberger Quinn provided legal representation to Lehcim from 2010 to the present, including a general description of the legal services Neuberger Quinn was retained to provide.

5.    Identify the individuals at Neuberger Quinn (whether attorneys or not) that provided legal services for Lehcim and list the matter(s) for which they provided those services.

6.    Describe all work Neuberger Quinn performed for or on behalf of Lehcim that did not involve providing legal services.

7.      Identify the individuals at Neuberger Quinn that provided work for Lehcim that was not providing legal services, including but not limited to attorneys and employees of Neuberger Quinn who were officers, directors, or employees of Lehcim.

8.      For individuals at Neuberger Quinn who were officers, directors, or employees of Lehcim, describe whether and to what extent those firm employees performed their tasks in their roles as officers, directors, or employees of Lehcim using Neuberger Quinn resources. For the purpose of this interrogatory, "perform[ing] tasks in their roles as officers, directors, or employees of Lehcim using Neuberger Quinn resources" includes performing tasks in their roles as officers, directors, or employees of Lehcim (i) using Neuberger Quinn's offices or workplaces (including spaces used during telework) or mailing addresses, (ii) using Neuberger Quinn's electronic equipment (computers, phones, iPads, copiers, etc.); (iii) using Neuberger Quinn's information systems (including firm email addresses, file systems, databases), (iv) using the labor of other law firm employees (such as secretaries), who are not officers, directors, or employees of Lehcim to perform non-legal tasks on behalf of Lehcim; and/or (iv)  during ordinary working hours for attorneys at the Neuberger Quinn, whether or not using Neuberger Quinn's offices, electronic equipment, information systems, or the labor of other firm employees whether these resources were used during ordinary working hours for that individual.

9.      Describe how Neuberger Quinn logged, billed, or otherwise accounted for time performing their responsibilities as officers, directors, or employees of Lehcim. For example, if attorneys or employees used firm electronic timekeeping systems or timesheets to account for the time they spent performing tasks in their roles as officers, directors, or employees of Lehcim, describe any applicable rules or codes used to log such time and or any other steps they took to

differentiate between time spent doing legal work and time spent doing non-legal work on behalf of Lehcim.

## CERTIFICATION

I certify under penalty of perjury that the foregoing statements made by me are true and complete.

Dated:_____, 2023,

_____
NAME:
TITLE:
ADDRESS:
TELEPHONE:
EMAIL:

Dated:  December 20, 2022,                    /s/ Kristina M. Portner_____
RYAN O. MCMONAGLE
KRISTINA M. PORTNER
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C.  20044
202-307-1355 (ROM)
202-514-0451 (KMP)
202-514-6866 (f)
Ryan.Mcmonagle@usdoj.gov
Kristina.M.Portner@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 20, 2022, I sent a copy of the foregoing via first-class, U.S. mail and electronic mail to the following:

James P. Ulwick
Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21201
julwick@kg-law.com

Brandon N. Mourges
Crepeau Mourges
1344 Ashton Road, Suite 110
Hanover, Maryland 21076
brandon@usataxlaw.com

*/s/ Kristina M. Portner*
KRISTINA M. PORTNER
Trial Attorney, Tax Division
U.S. Department of Justice