# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NEUBERGER, QUINN, GIELEN, RUBIN &, GIBBER, P.A., | ) )  Case No. 1:22-cv-02129-BPG |
| Plaintiff, | ) ) |
| v. | ) ) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) ) |

**UNITED STATES' FIRST SET OF REQUESTS FOR PRODUCTION**

The United States of America, by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 34, requests that the Plaintiff Neuberger, Quinn, Gielen, Rubin, & Gibber, P.A., respond to the following Requests for the Production of Documents, within 30 days.

**INSTRUCTIONS**

1. <u>Method of Response and Production</u>:  The responses and documents produced in response to these requests shall be provided via email sent to ryan.o.mcmonagle@usdoj.gov and kristina.m.portner@usdoj.gov in emails not to exceed 20 MB each or via JEFS (the Department of Justice's version of Box.com) or a similar secure file transfer platform.  To the extent the responses and documents cannot be produced via email or JEFS, please contact the undersigned to make different arrangements.

2. <u>Format for Producing Documents</u>:  Except as noted below, all documents shall be produced in native format with appropriate load files.

    a. Documents produced in native should include native file links and corresponding images.  Images should be single-page, Group IV TIFF files, scanned at 300 dpi.  All documents

must contain a bates number and file names of native files should reflect the production bates number. File names shall not contain embedded spaces. Bates numbers should be endorsed on the lower right corner of all images. For excel spreadsheets and QuickBook database files, the native file should be accompanied by a single-page "PLACEHOLDER" image bearing the production bates number. Images should be accompanied by a Concordance Image File (Opticon or log) that associates each Bates number to the image file path for each Bates numbered page in a page level comma-delimited file containing seven fields per line: PageID, VolumeLabel, ImageFilePath, DocumentBreak, FolderBreak, BoxBreak, PageCount.

   b. All hidden text such as track changes, hidden columns, *etc.*, should be expanded and rendered in the image files.

   c. Any data or files that are encrypted or password protected should be decrypted and/or passwords removed prior to production. If a password cannot be removed, the password must be provided.

   d. Provide the documents in a native format that is compatible with MS Office, if possible. Please contact counsel for the United States if files cannot be produced in an MS Office-compatible format.

   e. Provide a data file (.DAT) containing fielded information to be loaded into a database for all documents in a production. While hard copy documents may not have fielded information (i.e. metadata), these documents should also be referenced in the .DAT file with as much fielded information as reasonably possible, such as DocID End, Extracted Text path, and Custodian. The first line of a .DAT file must contain a header row identifying field names. The .DAT file must use the standard Concordance delimiters. Attachments shall sequentially follow

the parent document or email and the relationship should be identified using Parent ID and Attachment ID fields.

  f. All metadata associated with native documents, emails, and media files must be produced.  The data load file should include, at a minimum, the metadata fields listed on Appendix A.  Date fields should be provided in the format MM/DD/YYYY, and should be the same format throughout the field.

  g. Extracted text shall be produced as plain ASCII text files and produced at the document level.  In the instance that extracted text is not available, such as produced documents with redactions, hard copy scanned files, or image-only files, OCR text shall be provided as plaint ASCII text files and produced at the document level.  A link to the text should be included in the .DAT file, but the text should not be embedded in the .DAT file.

  h. For handwritten documents, or documents containing handwriting, identify the author of the handwriting to the extent that the identity of the author of the handwriting is known.

  i. All scanned paper shall be converted or processed to TIFF files (or color JPEGs when warranted), bates numbered, and include fully searchable text as separate .txt files.

  j. Digital photographs shall be submitted as single-page JPEG files with a resolution equivalent to the original image as it was captured/created.  All associated metadata and text fields shall be produced as well.  All digital videos shall be submitted as native files with associated metadata and an accompanying single page "PLACEHOLDER" Tiff image.

  k. For documents written in a foreign language, produce all translations of that document into English.

l. Any modifications or deviations from these production specifications may only occur upon agreement between the parties. Any proposed production in a format other than those identified above, the proposed use of predictive coding or computer-assisted review, or the proposed use of email threading or de-duplication during the processing of documents must be discussed with and approved by counsel for the United States and the methodology must be disclosed in the cover letter.

3. <u>Documents no Longer in Your Possession, Custody, or Control</u>. When a requested document was in your possession, custody, or control, but is no longer, state with particularity the efforts made to locate the document and the specific reason for its disappearance or unavailability, including:

a. The date of disposition;

b. How the document was disposed;

c. The name, current address, and telephone number of each person who authorized said disposition or had knowledge of said disposition; and

d. If, upon information and belief, a copy of the document exists outside your custody or control, state the name, current address, and telephone number of the person who has possession, custody, or control over the document.

4. <u>Scope</u>. This request includes all documents in the possession, custody, or control of the responding party, its principals, companies under its control, attorneys, former attorneys, accountants, financial advisors, investigators, agents, employees, or other representatives or proxies of the party. A party must include in its responses documents which, while not within its own possession, is nonetheless within the party's custody or control, or reasonably available to the party, the party's attorney, or any other source from whom it may reasonably be secured.

5. <u>Asserting Claim of Privilege</u>.  For any document, or part thereof, that contains information responsive to any request set forth below that you seek to withhold under a claim of privilege:

    a. Redact the information being withheld for privilege and indicate on the produced document where you have redacted information; and

    b. For each document withheld or redacted under a claim of privilege, provide an index with the following information:

        i. Type and date of the document;

        ii. Document title and description of the subject matter of the document;

        iii. Name and position of each author, preparer (other than stenographical or clerical personnel), sender, addressee, and recipient of the document; and

        iv. Statement of the exact privilege being claimed, the topic discussed, and the specific facts that form the basis upon which the privilege is claimed.

    c. You must provide the information requested in this instruction with sufficient specificity to enable counsel for the United States and the Court to assess the applicability of the privilege.

6. <u>Objections</u>.  You should state with specificity the grounds of any objection to all or part of a request.  If you believe that only part of a request is objectionable, make your objection and then respond to the request to the extent not objectionable.

7. <u>Supplementation</u>.  Pursuant to Fed. R. Civ. P. 26(e)(1), the United States requests that the responses to these requests be supplemented if further information is obtained.

8. <u>Relevant Time Period</u>:  Unless otherwise noted in the request, each request seeks information from January 1, 2010 to the present.

9. If there are questions regarding these requests, please contact counsel for the United States well in advance of the deadline for production.

## DEFINITIONS

1. <u>Plaintiff, You, Your, Yours, Neuberger Quinn</u>.  The words "Plaintiff," "you," "your," "yours," and "Neuberger Quinn" refer to Plaintiff Neuberger, Quinn, Gielen, Rubin, & Gibber, P.A., and any attorneys or agents acting on Neuberger, Quinn, Gielen, Rubin, & Gibber, P.A.'s behalf.

2. <u>Lehcim</u>. The word "Lehcim" refers to Lehcim Holdings, Inc., its officers, directors, and agents including but not limited to any attorneys acting on Lehcim Holdings, Inc.'s behalf.

3. <u>Agents</u>.  The word "agents" shall include but not be limited to attorneys, accountants, professionals, and other representatives.

4. <u>Person</u>.  The word "person" shall include individuals, partnerships, joint ventures, firms, associations, proprietorships, corporations, or other such entities, along with their subsidiaries and divisions, and the individual members, employees, and agents thereof.

5. <u>Document</u>.  The word "document" is to be liberally construed to include, but is not limited to, all of the following items, whether written or produced by hand; printed, written, produce, recorded, or reproduced by any mechanical process; electronically or magnetically recorded or stored; recorded upon any tangible thing; or stored in any retrievable form by means of communication, representation, or data retention not otherwise described in this paragraph:

>agreements; draft agreements; contracts; draft contracts; correspondence; memoranda; summaries or records of personal

>conversations, interviews or statements; diaries; desk calendars; graphs; reports; computer tapes; computer disks; computer files; computer printouts; electronic mail communications (e-mails); electronic text communications (e.g., SMS, Slack, Sametime, Teams, and other messaging software and applications); summaries or records of any meetings; conferences; summaries or records of investigations or audits; summaries of any negotiations; opinions of consultants; photographs; motion picture films; video tapes; magnetic tapes; audio cassettes; microfilm; microfiche; brochures; pamphlets; advertisements; circulars; press releases; drafts; checks; letters; telegrams; cables; telexes; facsimiles; telecopies; judicial records; maps; financial statements; drafted financial statements; trial balances; general ledgers; subsidiary ledgers; financial journals; worksheets; work papers; receipts; invoices; registers; registrations; filings; statements; bank statements; brokerage statements; insurance policies; credit reports; appraisals; confirmations; surveys; budgets; forecasts; tax returns; blueprints; diagrams; specifications; licenses; and all other forms of media involving the transmission, representation, communication, or storage of information, including writings that constitute a translation into any language other than the language in which the original exists.

Furthermore, different versions of a document (including, but not limited to drafts, revisions, or versions with notes and/or marks not found on the original or other copies) shall be considered distinct documents that must be produced.

      6.     <u>Communication</u>.  The word "communication" includes, but is not limited to, the transmission of all written, electronic, or verbal discussions, correspondence, statements, conversations, ideas, memoranda, notations, letters, notices, and documents.

      7.     <u>Relating and/or Concerning</u>.  The phrases "relating to," "related to," "relates to" or "concerning" a subject shall mean any document or communication that constitutes, contains, embodies, evidences, reflects, supports, undermines, negates, contradicts, concerns, identifies, states, refers to, regards, records, deals with, describes, or in any way pertains to that subject.

      8.     <u>Each and/or Every</u>.  The word "each" shall be construed to include the word "every," and the word "every" shall be construed to include the word "each," as necessary to

bring within the scope of these requests information that might otherwise be construed to be outside their scope.

9. <u>Any and/or All</u>.  The word "any" shall be construed to include the word "all," and the word "all" shall be construed to include the word "any," as necessary to bring within the scope of these requests information that might otherwise be construed to be outside their scope.

10. <u>Singular and Plural</u>.  The singular form of a word shall include the plural of that word, and the plural shall include the singular, as necessary to bring within the scope of these requests information that might otherwise be construed to be outside their scope.

## REQUESTS FOR PRODUCTION

1. Regardless of time period, all retention agreements, retainer agreements, engagement letters, or other similar documents retaining Neuberger Quinn or any of its employees to perform work on behalf of Lehcim.

2. Regardless of time period, all documents related to any conflict check or conflict search you performed related to Lehcim's retention of Neuberger Quinn.

3. Regardless of time period, all documents reflecting the agreement of Neuberger Quinn to accept Lehcim as a client.

4. Regardless of time period, all documents that you allege establish an attorney-client relationship.

5. Regardless of time period, all documents reflecting any other agreements or arrangements between Neuberger Quinn and Lehcim.

6. Regardless of time period, all documents regarding Lehcim's formation and appointment of officers and directors, including but not limited to its articles of incorporation and bylaws, and any amendments thereto

7. All documents showing actions by Lehcim's board of directors, shareholders, or officers, including but not limited to minutes of meetings of Lehcim's board of directors and resolutions of its board of directors.

8. All time entries related to legal and non-legal work you performed for Lehcim.

9. All bills related to Lehcim from Neuberger Quinn.

10. All bills related to Lehcim from a source other than Neuberger Quinn.

11. All bank account statements for Lehcim or related to funds held by you on behalf of Lehcim (*e.g.*, in a client trust / IOLTA account).

12. All ledgers for any money you held for or received from Lehcim, including but not limited to the ledgers for relevant client trust account(s).

13. All documents related to the credits and debits shown on your ledgers for Lehcim, including but not limited to any loan agreements and supporting documents, contracts, correspondence with third parties, or any other notes purporting to show a liability owed to a third party by Lehcim or a liability owed to Lehcim by a third party.

14. All emails, text messages, or other correspondences, whether electronic or otherwise, related to the operations or finances of Lehcim.

15. All correspondence or other documents Neuberger Quinn or Mr. Neuberger (regardless of his capacity) received from or sent to the Internal Revenue Service with respect to the Notice of Levey served on PNC Bank that is the subject of this action.

16. All correspondence or other documents you received from or sent to the Internal Revenue Service with respect to amounts that the Internal Revenue Service has assessed against Lehcim for the 2010 to 2015 tax years.

17. All documents related to the preparation and filing of Lehcim's federal tax returns.

18. All documents showing the authority of Lehcim's officers, directors, or employees to bind or sign documents on behalf of Lehcim, (*e.g.*, in a contract, or a filing with local, state, or federal governments or their agencies or instrumentalities).

19. All documents related to any administrative claim for damages you made with respect to the levy at issue in this case.

20. All documents you reviewed, consulted, or described in your responses to the United States' First Set of Interrogatories, served concurrently with these requests.

Dated: December 20, 2022,   */s/ Kristina M. Portner*
RYAN O. MCMONAGLE
KRISTINA M. PORTNER
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C.  20044
202-307-1355 (ROM)
202-514-0451 (KMP)
202-514-6866 (f)
Ryan.Mcmonagle@usdoj.gov
Kristina.M.Portner@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2022, I sent a copy of the foregoing via first-class, U.S. mail and electronic mail to the following:

James P. Ulwick
Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21201
julwick@kg-law.com

Brandon N. Mourges
Crepeau Mourges
1344 Ashton Road, Suite 110
Hanover, Maryland 21076
brandon@usataxlaw.com

*/s/ Kristina M. Portner*
KRISTINA M. PORTNER
Trial Attorney, Tax Division
U.S. Department of Justice