## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

NEUBERGER, QUINN, GIELEN,       *
RUBIN & GIBBER, P.A.

                                *

      Plaintiff,

                                *       Civil No.: BPG-22-2129

      v.

                                *

UNITED STATES OF AMERICA

                                *

      Defendant

*     *     *     *     *     *     *     *     *     *     *     *

## MEMORANDUM OPINION

Currently pending before the court is plaintiff's Motion for Summary Judgment ("plaintiff's Motion") (ECF No. 25), defendant's Rule 56(d) Response to Plaintiff's Motion for Summary Judgment ("defendant's Response") (ECF No. 31), and plaintiff's Reply in Support of Its Motion for Summary Judgment ("plaintiff's Reply") (ECF No. 33). The issues are fully briefed, and no hearing is necessary. Loc. R. 105.6. For the reasons discussed herein, plaintiff's Motion (ECF No. 25) is denied without prejudice. Plaintiff may refile its motion, in accordance with the court's Scheduling Order dated December 9, 2022, after discovery closes and by the deadline for dispositive motions on July 31, 2023. (ECF No. 24).

## I.      BACKGROUND

On May 12, 2022, the Internal Revenue Service ("IRS") served a Notice of Levy on PNC Bank accounts belonging to plaintiff Neuberger, Quinn, Gielen, Rubin & Gibber, P.A. (ECF No. 25-1 at 9). The IRS issued the Notice of Levy to satisfy tax liabilities for corporate income taxes and penalties unpaid by Lehcim Holding, Inc., ("Lehcim") for the years 2010 through 2015, resulting in $1,543,929.29 due to the IRS. (Id. at 8-9). The IRS served a Notice of Levy on the PNC bank accounts of plaintiff based on the IRS' determination that plaintiff was the alter ego of

Lehcim.  (ECF Nos. 25-1 at 9, 31 at 9).  As a result of the levy, the IRS froze funds in plaintiff's account totaling $1,543,929.29.  (ECF No. 25-1 at 9).  Plaintiff, claiming that Lehcim was merely a corporate client of the firm, filed an administrative appeal with the IRS.  (Id.)  Plaintiff argued that it was "never directly provided with notice of the levy, was denied access to statutory due process rights before issuance of the levy, and was denied access to any information concerning the basis of the levy."  (Id. at 5).  On August 23, 2022, plaintiff filed suit against defendant United States of America in this court, seeking relief for wrongful levy of taxes in violation of 26 U.S.C. § 7426(a)(1).  (ECF No. 1 ¶¶ 93-96).

By Order dated November 18, 2022, the court issued a proposed schedule in this case, and directed the parties to respond with any requests for modifications by December 1, 2022.  (ECF No. 21-1).  On December 1, 2022, the parties filed a Joint Status Report, indicating that they could not reach an agreement on the appropriate deadlines in this case.  (ECF No. 23).  Plaintiff requested no modifications to the proposed schedule, and defendant requested a six-month extension of all deadlines.  (Id.)  By Letter Order dated December 9, 2022, the court reconciled the parties' positions by extending the deadlines by three months.  (ECF No. 24).  Accordingly, the current Scheduling Order sets a discovery deadline of July 3, 2023, and a dispositive pretrial motions deadline of July 31, 2023.  (Id.)  On December 21, 2022, shortly after the court issued the Scheduling Order, plaintiff filed its early Motion for Summary Judgment.  (ECF No. 25). Defendant responded pursuant to Federal Rule of Civil Procedure 56(d), requesting that the court deny or defer ruling on plaintiff's Motion until the close of discovery.  (ECF No. 33).

## II.   STANDARD OF REVIEW

Rule 56(d) provides that "[i]f a movant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . defer

considering the motion or deny it[.]"  Fed. R. Civ. P. 56(d).  "Rule 56(d) requires that summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.  The rule is intended as a safeguard against a premature grant of summary judgment."  Tyree v. United States, 642 Fed. App'x. 228, 230 (4th Cir. 2016) (internal citations omitted).  Rule 56(d) motions are "broadly favored and should be liberally granted."  McCray v. Maryland Dep't of Transp., Maryland Transit Admin., 741 F.3d 480, 483-84 (4th Cir. 2014) (quoting Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Balt., 721 F.3d 264, 281 (4th Cir. 2013)).  "A court should hesitate before denying a Rule 56(d) motion when the nonmovant seeks necessary information possessed only by the movant.  But a court may deny a Rule 56(d) motion when the information sought would not by itself create a genuine issue of material fact sufficient for the nonmovant to survive summary judgment."  Pisano v. Stranch, 743 F.3d 927, 931 (4th Cir. 2014) (citing Ingle ex rel. Estate of Ingle v. Yelton, 439 F.3d 191, 195 (4th Cir. 2006)).

To succeed on a request to defer summary judgment until the completion of discovery, the nonmoving party must submit a Rule 56(d) affidavit demonstrating why it cannot yet properly oppose a motion for summary judgment.  Pine Ridge Coal v. Local 8377, 187 F.3d 415, 421 (4th Cir. 1999).  "A [Rule 56(d)] affidavit that conclusorily states that discovery is required is insufficient; the affidavit must specify the reasons the party is unable to present the necessary facts and describe with particularity the evidence that the party seeks to obtain."  Radi v. Sebelius, 434 Fed. App'x. 177, 178 (4th Cir. 2011).  If the nonmovant is able to identify specific reasons why it cannot present facts essential to support its opposition in its Rule 56(d) affidavit, "the court may: (1) defer considering the motion [for summary judgment] or deny it; (2) allow time to obtain

affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  Fed. R. Civ. P. 56(d).

### III.   <u>DISCUSSION</u>

Plaintiff moves for summary judgment on its wrongful levy of taxes claim.  (ECF No. 25). "The Internal Revenue Code provides that '[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.'"  <u>EC Term of Years Trust v. United States</u>, 550 U.S. 429, 430 (2007) (quoting 26 U.S.C. § 6321).   Once established, however, a federal tax lien must be executed by way of an "[a]ffirmative action . . . to enforce collection of the unpaid taxes" by the IRS.  <u>Id.</u>  Section 7426(a)(1) provides that "[i]f a levy has been made on property . . . any person (other than the person against whom [the tax is assessed] out of which such levy arose) who claims an interest in . . . such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court."  "An action for wrongful levy under 26 U.S.C. § 7426(a)(1) (2000), is the exclusive means for challenging a levy on property that does not, in whole or part, belong to the taxpayer against whom the levy originated."  <u>Audio Investments v. Robertson</u>, 67 Fed. App'x 795, 797 (4th Cir. 2003) (internal quotations and citations omitted).

In order to recover pursuant to § 7426(a)(1), plaintiff must prove that the levy was improper because the seizure affected the ownership interests of a person or entity who was not the taxpayer subject to the liens.  <u>Audio Investments</u>, 67 Fed. App'x at 797.  Plaintiff contends that it is not an alter ego of Lehcim, and seeks recovery of the funds levied upon by defendant.  (ECF No. 25-1 at 12).  In the Rule 56(d) affidavit of Ryan O. McMonagle, Esq., defendant contends that it has not yet had the opportunity to discover information necessary to determine whether plaintiff is an alter

ego of Lehcim. [1]  (ECF Nos. 31 at 18, 31-1).  Defendant propounded its First Set of Interrogatories and First Set of Requests for Production on December 20, 2022.  (ECF No. 31-1 ¶¶ 13, 15).  As of the filing of defendant's Response, plaintiff had not yet responded to defendant's discovery requests.  (Id. ¶¶ 14, 16).

Plaintiff challenges defendant's need for discovery, asserting that there are no material facts in dispute and only a purely legal issue remains.  (ECF No. 33 at 1).  Upon review of the pending pleadings, the court concludes that defendant has met its burden under Rule 56(d) that it needs discovery before it can respond to plaintiff's Motion.  First, defendant seeks an opportunity to engage in discovery concerning the nature of plaintiff's attorney-client relationship with Lehcim.  (ECF No. 31 at 19-21).  Two attorneys at plaintiff's firm, Isaac Neuberger and Hillel Tendler, are officers and directors of Lehcim.  (ECF No. 31-1 ¶ 3).  Defendant contends that during the direct examination of Lehcim as part of the tax liability assessment process, Messrs. Neuberger and Tendler "made statements that cast doubt on whether Lehcim was in fact [plaintiff's] client." (Id. ¶ 20).  Defendant argues that Messrs. Neuberger and Tendler were unable to detail what services plaintiff was engaged to provide to Lehcim.  (Id. ¶¶ 21-24).  Plaintiff maintains that Lehcim is a corporate client of the firm.  (ECF No. 25-1 at 5).  To obtain the facts necessary to address this significant dispute, defendant must be able to engage in discovery.  Plaintiff

---

[1] The parties dispute whether Maryland or federal law applies to the court's alter ego analysis.  (ECF Nos. 25-1 at 13, 31 at 13, 33 at 10).  Because defendant's requested discovery is relevant to the court's determination of alter ego status under either Maryland or federal law, the court need not decide this issue now.  Compare Hildreth v. Tidewater Equip. Co., Inc., 838 A.2d 1204, 1210 (Md. 2003) (citation omitted) (the elements of alter ego analysis include: (1) complete domination, not only of the finances, but of policy and business practice in respect to the transaction so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own, (2) that such control [was] used by the [alleged alter ego] to commit fraud or wrong, to perpetrate the violation of the statutory or other positive legal duty, or dishonest and unjust act in contravention of the [plaintiff's] legal rights, and (3) that such control and breach of duty proximately caused the injury or unjust loss.") with United States ex el. Fadlalla v. DynCorp Int'l, LLC, 402 F. Supp. 3d 162, 193 (D. Md. 2019) (internal citation omitted) (the non-exhaustive list of factors the court considers in making an alter ego analysis includes "identity of ownership; commonality of officers and directors; the financial relationship between parent and subsidiary; whether the two maintain separate books, records, offices, and the like; and whether property of one is used by the other as essentially its own" and, importantly, whether treating the two entities as one would produce an "inequitable result").

presumably possesses information related to plaintiff's attorney-client relationship with Lehcim, and defendant's discovery requests appropriately seek information on this issue. (ECF No. 31 at 19-20).

In addition, defendant has established the need to discover information related to plaintiff's involvement in Lehcim's finances. (ECF No. 31 at 21-25). Defendant's Rule 56(d) affidavit provides that defendant seeks discovery related to (1) plaintiff's control over Lehcim's finances, (2) Lehcim's solvency, and (3) the comingling of plaintiff and Lehcim's funds. (ECF No. 31-1 ¶¶ 28-48). Defendant specifically identifies a number of its discovery requests as essential to preparation of its opposition to plaintiff's Motion, including a document request for "all documents related to the credits and debits shown on [plaintiff's] ledgers for Lehcim, including but not limited to any loan agreements and supporting documents, contracts, correspondence with third parties, or any other notes purporting to show a liability owed to a third party by Lehcim or a liability owed to Lehcim by a third party," (ECF No. 31 at 22); and interrogatories regarding the "extent [to which] firm employees performed their tasks in their roles as officers, directors, or employees of Lehcim using [plaintiff's] resources," and "how [plaintiff] logged, billed, or otherwise accounted for time performing their responsibilities as officers, directors, or employees of Lehcim." (Id. at 24). Defendant also maintains that it needs to depose plaintiff regarding plaintiff's transfer of more than $2 million out of Lehcim's IOLTA account, which defendant alleges allowed Lehcim to defeat collection of its tax liabilities. (Id. at 23-24). The court is persuaded that defendant cannot present facts essential to justify its opposition and should be afforded the opportunity to obtain all discovery necessary to adequately respond to plaintiff's Motion.

IV.     **CONCLUSION**

For the reasons set forth above, plaintiff's Motion for Summary Judgment (ECF No. 25) is denied without prejudice.   Plaintiff may refile its motion, in accordance with the court's Scheduling Order dated December 9, 2022, after discovery closes and by the deadline for dispositive motions on July 31, 2023.[2]  (ECF No. 24). A separate Order will follow.


Date: April 6, 2023                                        /s/
                                                   Beth P. Gesner
                                                   Chief United States Magistrate Judge

---

[2] If plaintiff chooses to file another motion for summary judgment after discovery closes, plaintiff will obviously need to edit its current Motion to address evidence developed during discovery.