UNITED STATES DISTRICT COURT  
DISTRICT OF MARYLAND

CHAMBERS OF  
ERIN ASLAN  
U.S. MAGISTRATE JUDGE



101 WEST LOMBARD STREET  
BALTIMORE, MARYLAND 21201  
(410) 962-3555  
MDD_EAchambers@mdd.uscourts.gov

February 11, 2026

**LETTER ORDER**

*Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.* v. *United States of America*  
Civil Action No. EA-22-2129  
<u>Final Pretrial Order</u>

Dear Counsel:

On February 10, 2026, the Court held a pretrial conference in the above-referenced case. ECF No. 130. The Court adopts the parties' joint proposed pretrial order (ECF No. 127) as amended and supplemented during the pretrial conference and by this Order.

This Order sets forth additional pretrial deadlines. Please read it carefully.

1. **<u>Local Rule 106.2 (D. Md. Dec. 1, 2025)</u>**

    a. **Plaintiff's Statement of Facts and Legal Theories:** Received.

    To the extent Neuberger, Quinn, Gielen, Rubin & Gibber, P.A. (NQGRG) seeks to reassert legal theories that were previously rejected, NQGRG is advised that the Court will adhere to its prior rulings. For example, the Court previously ruled that damages are unavailable because NQGRG did not exhaust its administrative remedies, ECF No. 87 at 24–26, and therefore declines NQGRG's apparent invitation to revisit this issue, ECF No. 127 at 7 n.2.[1]

    In a similar vein, the disputed issue in this action is whether the levy was wrongful, not whether the Internal Revenue Service (IRS) complied with internal policy guidance when effectuating the levy. *Oxford Cap. Corp.* v. *United States*, 211 F.3d 280, 285 n.3 (5th Cir. 2000) ("As a general rule, the internal operating procedures of the IRS as described in the Internal Revenue Manual do not create rights in the taxpayer and thus a violation of these procedures does not establish a cause of action for the taxpayer.").

    Due to the existence of unsettled case law and the lack of binding precedent on the question of whether the IRS must have probable cause to support the alter ego nexus between NQGRG and the taxpayer at the time the levy (ECF No. 102 at 13–14 (collecting cases)), NQGRG will be permitted to address this issue at trial. It will not, however, be permitted to

---

[1] Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files (CM/ECF) system printed at the top of the cited document, except that references to a transcript include both the transcript page and line numbers.

*Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.* v. *United States of America*
Civil Action No. EA-22-2129
<u>Final Pretrial Order</u>
Page 2

engage in a collateral investigation of the IRS's adherence to administrative procedures or the internal deliberative process that led up to the levy (ECF No. 127 at 11), the latter of which the Court previously found to be protected by privilege (ECF Nos. 110, 112).

      **b.**      **Defendant's Statement of Facts and Legal Theories:** Received.

The United States has conceded the first element of NQGRG's claim, that NQGRG has an interest in the levied funds.

The parties have put forth differing discussions of the factors the Court is to consider when assessing whether the United States has established the existence of an alter ego nexus between NQGRG and the taxpayer. Accordingly, **<u>no later than 10:00 am on Tuesday, February 17, 2026,</u>** the parties shall jointly file via Court's Case Management/Electronic Case Files (CM/ECF) system a submission (not to exceed five pages) that outlines the factors on which the parties agree and disagree constitute the elements of the alter ego nexus analysis, together with citation to supporting authority.

The parties disagree as to the quantum of evidence required to support the alter ego nexus. ECF No. 87 at 9 n.2. As discussed at the motion *in limine* hearing (ECF Nos. 125, 128) and pretrial conference (ECF No. 130), the parties will address this issue in their post-trial submissions.

Further, neither party has addressed the third element of NQGRG's wrongful levy claim in a fulsome manner. Accordingly, **<u>at or before the close of business on Wednesday, February 18, 2026,</u>** the parties shall separately file via CM/ECF a letter brief (not to exceed five pages) that outlines their respective positions as to what is the required showing for the third element of NQGRG's claim, *i.e.*, that the levy was wrongful. *See*, *e.g.*, *Oxford Cap. Corp.*, 211 F.3d at 283; *Scoville* v. *United States*, 250 F.3d 1198, 1201 (8th Cir. 2001).

      **c.**      **Counterclaims, Crossclaims, Third-Party Claims:** Not applicable.

      **d.**      **Amendments Required of the Pleadings:** Not applicable.

      **e.**      **Issues to be Abandoned:** Not applicable.

      **f.**      **Stipulations of Fact:** Received.

The parties have filed stipulations of fact that consist of 76 numbered paragraphs. ECF No. 127-1. NQGRG has stipulated only as to what the evidence shows now, not at the time of the levy. ECF No. 127 at 35. The Court will consider this filing along with the evidence presented at trial.

      **g.**      **Damages:** Not applicable.[2]

---

[2] The issue of damages was resolved at summary judgment. ECF No. 87 at 24–26.

*Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.* v. *United States of America*
Civil Action No. EA-22-2129
<u>Final Pretrial Order</u>
Page 3

      To the extent that the parties wish to address prejudgment interest or statutorily calculated interest or fees, supporting evidence should be presented at trial and legal argument should be included in the parties' closing arguments and post-trial submissions.

      h.    **Exhibit Lists:** Received.

      The parties filed a Joint Exhibit List (ECF No. 127-2), Plaintiff's Exhibit List (ECF No. 127-3), and Defendant's Exhibit List (ECF No. 127-4). The parties do not challenge the authenticity of the exhibits to which they object. As set forth in the Court's Pretrial Scheduling and Preparation Order, all objections other than those asserted under Federal Rules of Evidence 401 through 403 not raised at the pretrial conference shall be deemed waived absent a showing of good cause. ECF No. 113. Further, the procedure outlined in Local Rule 107.5(b) will govern the introduction of exhibits at trial. *Id.* at 4.

      The Court has ruled on the parties' motions *in limine*. ECF Nos. 125–126, 128. As relevant here, The United States' motion to admit certain business records consisting of 64 exhibits (ECF No. 116) was granted in part and denied in part (ECF No. 126). The motion was denied as to the admission of emails as self-authenticating business records and as to the IRS notice of computational adjustment. ECF No. 128 at 5:17–6:8. The motion was granted as to the remainder of the 64 exhibits. *Id*. at 6:21–7:11. As outlined in the Court's Order deciding the parties' motions *in limine*, the parties may renew the arguments advanced in ECF Nos. 117 (seeking to exclude the deposition testimony of three IRS witnesses) and 119 (seeking to admit metadata) at trial. ECF No. 126; *see also* ¶ 1.k, *infra*. At the pretrial conference, NQGRG sought permission to treat the IRS witnesses as adverse, which the Court denied without prejudice to renew at an appropriate juncture during trial. ECF No. 130.

      **<u>On or before the start of trial on February 19, 2026,</u>** the parties shall provide (i) one hardcopy exhibit binders to the courtroom deputy and (ii) one hardcopy exhibit binders and one electronic copy of the exhibits to the court reporter.

      i.    **Fact Witness Lists:** Received.

      The United States will present its evidence regarding the alter ego nexus first, followed NQGRG's evidence. There is substantial overlap among the parties' witnesses. Nevertheless, each of the witnesses will be called once. Each side will conduct a separate direct examination of the witnesses that overlap, followed by cross-examination and any redirect. At trial, the Court may amend the order of examination to "avoid wasting time." Fed. R. Evid. 611(a)(2).

      The anticipated order of call is: (1) Barbara Strazzeri; (2) Pam Harris; (3) Erin Kennedy; (4) Hillel Tendler; (5) Michael Quinn; (6) Issac Neuberger; (7) Joseph Dowling, possibly; (8) Thomas Wood; and (9) Joseph Leshkowitz.
      It is the Court's understanding that no witness requires an accommodation.

*Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.* v. *United States of America*
Civil Action No. EA-22-2129
<u>Final Pretrial Order</u>
Page 4

Absent emergency circumstances, the parties will guarantee the presence at trial of any witness whom the party identifies in the pretrial order in accordance with Local Rule 106.2.i. as a witness the party "expects to present" at trial.

The parties are reminded that they should plan on having enough witnesses available so that every trial day is full.  Before the first day of trial, and during trial at the end of each trial day, the parties should communicate with each other about the witnesses who will be testifying on a given day and the exhibits that a party expects to introduce via each witness.  The parties must advise the Court who the witnesses are and which exhibits will be introduced via each witness.  All of these requirements will help the trial run more efficiently.

  **j.**  **Expert Witness List:** Not applicable.

  **k.**  **Deposition Designations:** Received.

NQGRG has tendered deposition designations of three IRS witnesses, to which the United States objects.  ECF No. 127 at 38–41.  As noted, the Court previously denied the United States' motion to exclude these designations as premature, without prejudice to renew.

At the pretrial conference, the United States renewed its motion *in limine* to exclude the deposition testimony of three IRS witnesses.  ECF No. 130.  The Court denied the motion as to the two unavailable IRS witnesses, without prejudice to renew.  *Id.*  As to the third IRS witness who will testify at trial and who was deposed as the United States' representative pursuant to Federal Rule of Civil Procedure 30(b)(6), the undersigned will permit NQGRG to introduce Ms. Harris' deposition testimony pursuant to Federal Rule of Civil Procedure 32(a)(3).  *Xin Wang* v. *Injective Labs Inc.*, No. CV 22-943, 2026 WL 323084, at *1 (D. Del. Feb. 6, 2026).  The use of this deposition testimony, however, remains subject to the Court's authority pursuant to Federal Rule of Evidence 611(a).

  **l.**  **Requested Pretrial Relief:**

The Court has ruled on the parties' motions *in limine*.  ECF Nos. 116–120, 126, 130.

  **m.**  **Other Matters:**

The Order Regarding Confidentiality of Discovery Material (ECF No. 46) is rescinded for all discovery material offered as trial exhibits.  The parties must redact any personally identifiable information from trial exhibits.

**2.**  <u>**Bench Trial Procedures and Requirements**</u>

  a.  The Court will sit for trial each scheduled day from 9:30 am until 4:30 pm.  The Court will take a one-hour lunch break at approximately 12:30 pm each day.
  b.  The parties have been directed to contact the Court's Information Technology Department regarding the available technology in the courtroom.  ECF No. 113.

Case 1:22-cv-02129-EA    Document 131    Filed 02/11/26    Page 5 of 5

*Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.* v. *United States of America*
Civil Action No. EA-22-2129
Final Pretrial Order
Page 5

      The parties must make all reasonable efforts to ensure that their trial presentation, including the use of technology aids, are smooth and efficient, and must endeavor to avoid any technical issues that could delay trial proceedings.

    c.    Each party will have up to 15 minutes for an opening statement.

    d.    Closing arguments shall be reserved for a separate hearing after the parties have filed their joint and individual proposed findings of fact and conclusions of law. Following the preparation of the trial transcript, the parties will exchange proposed findings of fact and conclusions of law and file the joint and individual filings. Specific deadlines will be set at the conclusion of trial.

    e.    You must turn off (and instruct your client and witnesses to turn off) all cellular telephones and other mobile electronic devices before entering the courtroom.

    f.    You may not bring any food or drink (other than water) into the courtroom. If you want to use bottled water, you must pour it into the pitchers provided by the Court.

    g.    Trial will be held in Courtroom 7A. Counsel for the United States will sit at the table closest to the jury room. We will endeavor to ensure that each party has an available workspace during trial, subject to courthouse space constraints. Counsel for NQGRG may utilize the jury room. The United States has indicated that it does not need a workspace. Should that change, please contact Chambers as soon as possible.

**3. Settlement**

If the case settles in advance of trial, please contact Chambers immediately. This will enable the courthouse staff and associated resources dedicated to this trial to perform other important work.

**4. Conclusion**

Despite the informal nature of this letter, it is an Order of the Court and will be docketed accordingly.

Very truly yours,

/s/

Erin Aslan
United States Magistrate Judge