IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NEUBERGER, QUINN, GIELEN, RUBIN & GIBBER, P.A., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 1:22-cv-02129-EA ) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) ) |

**SUPPLEMENTAL BRIEFING REGARDING ALTER EGO NEXUS ANALYSIS**

Pursuant to the Court's Pre-Trial Order dated February 11, 2026, the parties submit the following positions on the legal standard for the alter ego nexus analysis:

I. **Parties' Agreement:** The parties agree that Courts applying Maryland law have considered the following list of factors:

   a. Whether the corporation is inadequately capitalized, fails to observe corporate formalities, fails to issue stock or pay dividends, or operates without a profit[1]

   b. Whether there is commingling of corporate and personal assets[2]

   c. Whether there are non-functioning officers or directors[3]

   d. Whether the corporation is insolvent at the time of the transaction[4]

   e. The absence of corporate records[5]

---

[1] *Hildreth v. Tidewater Equip. Co.*, 378 Md. 724, 735 (2003).

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] *Id.*

1

II.  **Plaintiff's Position:** As this Court has previously recognized, the determination of nexus for alter ego purposes is rooted in Maryland law. ECF 87 at 18. The seminal case in Maryland, *Hildreth v. Tidewater Equip. Co.*, 378 Md. 724 (2003), identified the third circumstance when the corporate entity will be disregarded, as follows:

*Third.* Where the stockholders themselves, or a parent corporation owning the stock of a subsidiary corporation, *fail to observe the corporate entity*, *operating the business or dealing with the corporation's property as if it were their own*, the courts will also disregard the corporate entity for the protection of third persons.

ECF 87 at 20. This court described the third circumstance as embodying the alter ego doctrine, the rationale for which is that "if the shareholders or the corporations themselves disregard the proper formalities of a corporation, then the law will do likewise as necessary to protect individual and corporate creditors. *Id.*

In other words, ownership by the alleged alter ego – whether legal or equitable – is <u>required</u> for the doctrine to apply under Maryland law. Judge Chasanow confirmed this determinative element in her recent analysis of Maryland's alter ego doctrine:

Even construing the parties' arguments as directed at piercing the corporate veil of Future Field, Mr. Van Norstrand encounters one insurmountable hurdle. The alter ego doctrine allows a party to disregard the corporate form and reach the assets of "the stockholders themselves, or a parent corporation owning the stock of a subsidiary corporation." *Hildreth*, 378 Md. at 734 (quoting Brune, Maryland Corporation Law & Practice § 371). PeriArchon owns no share of Future Field. (*See* ECF Nos. 133 ¶¶ 11-15; 151, ¶¶ 252-3, at 189-90). It is not an owner of Future Field in any sense. Accordingly, traditional veil piercing, which is vertical in concept, is inapplicable.

*Future Field Sols., LLC v. Norstrand*, 2026 U.S. Dist. LEXIS 12278, at *34 (D. Md. Jan. 23, 2026). Even though the non-movant had alleged other factors relevant to the *Hildreth* analysis, "[t]he court declare[d] that PeriArchon is not the alter ego of Future

2

Field" and granted summary judgment on that issue. Similarly, Judge Chasanow confirmed that Maryland does not endorse reverse veil-piercing. *Id.* at 36.[6]

If the element of ownership can be proven, the factors set forth in *Hildreth* may then be applied in the nexus analysis.[7] Aside from ownership, none of the factors is dispositive. Instead, factors relevant to show that the owner of the corporation "fail[ed] to observe the corporate entity, operating the business or dealing with the corporation's property as if it were their own" can be used. ECF 87 at 20. Factors should be used to show whether the shareholder caused the incorporation for a fraudulent purpose or sham and the purpose was to benefit the alleged alter ego. *See, e.g., Sher v. SAF Fin., Inc.*, 2009 U.S. Dist. LEXIS 129948, at *30 (D. Md. 2009). *De Witt Truck Brokers, Inc. v. W. Ray Flemming Fruit Co.*, 540 F.2d 681, 683, 685 (4th Cir. 1976) (also indicating that factors include "siphoning of funds of the corporation by the dominant stockholder" and "fact that the corporation is merely a façade for the operations of the dominant stockholder or stockholders") (doctrine allows the corporate veil to be pierced "and the corporation and its stockholders 'will be treated as identical'"); *Travel Committee, Inc. v. Pan American World Airways, Inc.*, 91 Md. App. 123 (Md. App. 1992) (endorsing *De Witt Truck Brokers*); *Residential Warranty Corp. v. Bancroft Homes Greenspring Valley, Inc.*, 126 Md. App. 294 (Md. App. 1999) (indicating that the alter ego doctrine can "cast aside the corporate shield and fasten liability on the

---

[6] Judge Chasanow indicated that, since the "more extreme theory" of reverse veil piercing has not been applied in Maryland, it was not the Court's role to "flesh out and expand" it and must instead, under the *Erie* doctrine, "rule upon state law as it presently exists and not to surmise or suggest its expansion." *Id.* at *36, n. 13.

[7] Although *Fadlalla* and *Hockett* deal with alter ego issues, they do not apply Maryland's alter ego doctrine. For example, in *Hockett*, the court considered factors to determine whether a subsidiary was a mere instrumentality of its parent. 498 F. Supp. 2d at 60-61. The Court ultimately found the plaintiff's claim fell "woefully short" because, among other things, common ownership of each entity would need to be proven up and down the chain to assert an instrumentality theory. *Id*.

individual shareholder"); *Gordon v. SS Vedalin*, 346 F. Supp. 1178, 1181 (D. Md. 1972) ("The rule seems to be that the shareholders of a corporation are not to be held personally answerable for the obligations of the corporation in the absence of fraud or of the necessity of protecting a paramount equity.").

Furthermore, although the corporate veil may in some cases be pierced "when necessary to prevent fraud or to enforce a paramount equity," the alter ego doctrine only applies where necessary to enforce a paramount equity. *Hildreth*, 378 Md. at 733-4 (separately analyzing veil piercing theories justified by fraud and alter ego/paramount equity). Allegations of fraud are a separate basis for piercing the veil that are not subsumed in the alter ego doctrine. *See Schlossberg v. Bell Builders Remodeling, Inc.*, 441 Md. 671 (2015) (paramount equity may be established if there is no allegation of common law fraud).

III. **Defendant's Position:** To show nexus for alter ego under Maryland law,[8] courts examine two elements: (1) whether there is "complete domination, not only of the finances, but of policy and business practice in respect to the transaction so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own" and (2) whether finding alter ego liability "when necessary to prevent fraud or to enforce a paramount equity."[9]

   a. As to the first element (complete domination), the factors that courts consider under Maryland law are non-exhaustive. Thus, in addition to the factors the

---

[8] The United States maintains that federal law, not Maryland law, provides the substantive alter ego standard. *See* 70-1 at 30–31. However, the United States recognizes that the Court requested the parties' positions as they relate to Maryland law.

[9] *Hildreth v. Tidewater Equip. Co.*, 378 Md. 724, 733–35 (2003).

parties agree upon in Section I, above, courts have also considered the following list of additional factors:

    i. Identity of ownership/shareholder[10]

    ii. Whether a "unity of interest" exists so that it could treat the "two entities as one"[11]

    iii. Commonality of offices and directors[12]

    iv. The financial relationship between entities[13]

    v. Whether the two entities maintain separate books, records, offices, etc.[14]

    vi. Whether property of one entity is used by the other as essentially its own[15]

b. The second element (paramount equity) is satisfied when an entity used its domination of the subject entity to "commit fraud or wrong, to perpetrate the violation of [a] statutory or other positive legal duty, or dishonest and unjust act in contravention of [the creditor's] legal rights."[16]

---

[10] *Hildreth*, 378 Md. at 735; *United States ex rel. Fadlalla v. DynCorp Int'l, LLC*, 402 F. Supp. 3d 162, 193 (D. Md. 2019) (citing *United States ex rel. Hockett v. Columbia/HCA Healthcare Corp.*, 498 F. Supp. 2d 25, 60 (D.D.C. 2007)).

[11] *United States ex rel. Fadlalla*, 402 F. Supp. 3d at 193 (citing *United States ex rel. Hockett*, 498 F. Supp. 2d at 60).

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Serio v. Baystate Props., LLC*, 209 Md. App. 545, 563 (2013).

Dated: February 17, 2026

*/s/ James P. Ulwick*
James P. Ulwick (Fed. Bar No. 00536)
Kramon & Graham, P.A.
750 East Pratt Street, Suite 1100
Baltimore, Maryland 21201
(410) 752-6030
(410) 539-1269 (facsimile)
julwick@kg-law.com

Brandon N. Mourges, Bar No. 29477
CREPEAU MOURGES
1344 Ashton Road, Suite 110
Hanover, Maryland 21076
Telephone: 667-900-9912
Fax: 667-999-0202
brandon@usataxlaw.com

*Counsel for Plaintiff*

Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General

JOSHUA WU
Deputy Assistant Attorney General, Tax Litigation Branch

*/s/ Emily K. McClure*
RYAN O. MCMONAGLE
KRISTINA M. PORTNER
EMILY K. MCCLURE
Trial Attorneys
Tax Litigation Branch
Civil Division, Department of Justice
P.O. Box 227
Washington, D.C.  20044
202-307-1355 (ROM)
202-514-6866 (f)
Ryan.McMonagle@usdoj.gov
Kristina.M.Portner@usdoj.gov
Emily.K.McClure@usdoj.gov

*Counsel for the United States*