

U.S. Department of Justice

Civil Division, Tax Litigation Branch

*Trial Attorney: Ryan O. McMonagle*
*Attorney's Direct Line:  202-307-1355*
*Fax No.:  202-514-6866*
*ryan.mcmonagle@usdoj.gov*

Please reply to:
P.O. Box 227
Ben Franklin Station
Washington, D.C.  20044

JJW:RMCMONAGLE
DJ 5-35-12860
CMN 2022100995

February 18, 2026

*Via ECF*

The Honorable Erin Aslan
United States Magistrate Judge
United States District Court for the District of Maryland
101 West Lombard Street
Baltimore, MD 21201

    Re:    *Neuberger, Quinn, Gielen, Rubin & Gibber, P.A. v. United States*
             1:22-cv-2129-EA (D. Md.)

Dear Judge Aslan:

    Pursuant to the Court's final pretrial order (ECF No. 131 at 2), the United States submits this letter brief on the required showing for the third element of the plaintiff's claim.

    In a wrongful levy suit involving an alter-ego levy, the United States has the intermediate burden of "show[ing] that there is a nexus between the taxpayer and the property." *Prompt Staffing, Inc. v. United States*, 321 F. Supp. 3d 1157, 1172 (C.D. Cal. 2018). Upon that showing, the burden shifts back to the plaintiff who "bears the ultimate burden to prove that the levy was wrongful." *Scoville v. United States*, 250 F.3d 1198, 1201–02 (8th Cir. 1198).

    The question of what (if anything) Plaintiff must prove to satisfy its ultimate burden turns largely on the theory under which nexus is shown. There are some grounds for levy that focus on the relationship between the taxpayer and the property. For example, "[t]he nominee doctrine addresses the relationship between the taxpayer and the property sought to be accessed. It asks whether the taxpayer treats the property as his won and enjoys the benefits of true ownership even though another entity holds legal title." *Prompt Staffing, Inc.*, 321 F. Supp. 3d at 1170. Alter ego theory, on the other hand, "focuses on whether the taxpayer's relationship to the title holder allows the taxpayer to retain the benefits of true ownership." *Id.* A nominee theory "justifies a levy upon the property of the third party only with respect to that specific property held as a nominee. In contrast, under the alter ego doctrine, "**all the assets** of an alter ego corporation may be levied upon to satisfy the tax liabilities of a delinquent taxpayer[.]" *Oxford Cap. Corp. v. United States*, 211 F.3d 280, 284 (5th Cir. 2000) (emphasis added).

- 2 -

In a wrongful levy case where the basis for the levy turns on the connection between the specific levied property and the taxpayer (e.g. a direct interest or a nominee), there are several ways a plaintiff can show wrongfulness (the third element) after the United States demonstrates a substantial nexus. For example, in the case of a joint bank account, where *both* the levied party *and* the taxpayer have an interest in the levied property, the levied party can prevail by showing its rights were superior to the taxpayer's. 26 U.S.C. § 7426(b)(1) ("If a levy would irreparably injure rights in property in which the court determines to be superior to rights of the United States in such property, the court may grant an injunction to prohibit the enforcement of such levy."); *Craig v. United States*, 89 F. Supp. 2d 858 (S.D. Tex. 1999) (levy against estate checking account for personal liabilities of the executor determined to be wrongful). In *Craig*, the Court found a levy against an estate's bank account wrongful, even after the United States demonstrated a substantial nexus, because the executor only had rights to access the account, and "no rights to possess" the property in the account as its executor. *Id.* at 868–69. The levied party's "superior interest" in the property is thus a ground for finding "wrongfulness."

The few cases dealing with property-specific levy theories offer no guidance where (as here) the Government shows the requisite nexus by proving that the levied party is the alter ego of the taxpayer. The only case the United States has found squarely addressing this issue is the Eastern District of Michigan's opinion in *Porta-John of Am., Inc. v. United States*, 4 F. Supp. 2d 688, 700 (E.D. Mich. 1998). There, the Court held that the "United States has more than met its burden by showing by substantial evidence the nexus between the taxpayer [] and the levied property. And in proving nexus, the government actually disproved plaintiff's claim for wrongful levy by establishing that plaintiffs is the nominee or alter ego of the taxpayer." *Id.* Consistent with *Porta-John*, the other cases sustaining the propriety of alter ego levies have not analyzed the plaintiff's "ultimate burden" separately other than to say plaintiff failed to meet its burden after the government proved alter ego status. *Prompt Staffing, Inc.*, 321 F. Supp. 3d at 1178–79; *911 Mgmt., LLC v. United States*, 657 F. Supp. 2d 1186, 1214–15 (D. Oregon 2009); *Century Hotels v. United States*, 952 F.2d 107, 112 (5th Cir. 1992).

The Fifth Circuit's opinion in *Century Hotels* leaves open the possibility that, at least in circumstances that are not at issue here, a levy may be wrongful if the levied party has superior property rights to the government's alter ego rights. But *Century Hotels* involved a "jumbled proceeding" that began as a bankruptcy adversary case for the turnover of levied property and was later "tried to the district court" as a wrongful levy case. 952 F.2d at 108. While the Court of Appeals found that the levied party was the alter ego of the taxpayer, it remanded to the district to "address the question of the bankruptcy estate's interest in property to which the IRS has alter ego rights." *Id.* at 113. In order for the levied party's wrongful levy suit to prevail on remand, it would have to show "that the estate had an interest in the seized funds" under the Bankruptcy Code. *Id.*

As the parties noted at the final pretrial conference, other circumstances not at issue here could theoretically render a levy subject to successful attack in a lawsuit (if not one for wrongful levy). Those include the failure to levy within the IRS's statutory time to collect (26 U.S.C. § 6502) or the issuance of a levy to collect taxes that were already fully paid. The Government has not identified any wrongful levy cases involving those issues.

- 3 -

But also consistent with this Court's prior rulings and the Government's position, the "procedural regularity" of the pre-levy notice is *not* an independent ground for a wrongful levy claim of any variety. *Sessler v. United States*, 7 F.3d 1449, 1452 (9th Cir. 1993) ("Under the regulations, a failure to fulfill a procedural requirement—notice of intent to levy—doesn't make a levy wrongful and thus doesn't provide the necessary waiver [of sovereign immunity]."). In *Sharp Management, LLC v. United States*, the levied party premised its wrongful levy claim in part on the fact that only the taxpayer received a final notice of intent to levy under 26 U.S.C. § 6331— something NQGRG has repeatedly argued here. Case No. C07-402JLR, 2007 WL 1367698, at *4 (W.D. Wash. May 8, 2007) The Court, held "the plain language of the statute indicates that notice to the taxpayer is all that is required." *Id.*; *accord 911 Mgmt., LLC*, 657 F. Supp. 2d at 1215. Citing *Sessler*, the court in *Sharp Management.* further held that "a levy that occurred without proper notice did not fit the definition of 'wrongful levy." *Id.*

                                                Respectfully submitted,

                                                */s/ Ryan O. McMonagle*
RYAN O. MCMONAGLE
KRISTINA M. PORTNER
EMILY K. MCCLURE
Trial Attorneys
Tax Litigation Branch
Civil Division, Department of Justice
P.O. Box 227
Washington, D.C. 20044
Tel.: 202-307-1355
Fax: 202-514-6866
Ryan.McMonagle@usdoj.gov
Kristina.M.Portner@usdoj.gov
Emily.K.McClure@usdoj.gov