IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NEUBERGER, QUINN, GIELEN, RUBIN & GIBBER, P.A., | ) )  ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 1:22-cv-02129-EA |
| UNITED STATES OF AMERICA, | ) ) ) |
| Defendant. | ) ) ) |

**PLAINTIFF'S SUPPLEMENTAL BRIEFING REGARDING THE WRONGFULNESS OF LEVY**

Pursuant to the Court's Pre-Trial Order dated February 11, 2026, Plaintiff ("Neuberger Quinn" or "NQGRG") submits the following in support of its position regarding "what is the required showing for the third element of NQGRG's claim, *i.e.,* that the levy was wrongful":

This Court has previously acknowledged that the burden-shifting analysis set forth in *Oxford Capital Corp. v. United States*, 211 F.3d 280 (5th Cir. 2000) applies in wrongful levy suits under 26 U.S.C. § 7426. ECF 87 at 12-13. In particular, "[t]o prove that a levy is wrongful, (1) a plaintiff must first show some interest in the property to establish standing, (2) the burden then shifts to the IRS to prove a nexus between the property and the taxpayer, and (3) the burden then shifts back to the plaintiff to prove the levy was wrongful, e.g., that the property in fact did not belong to the taxpayer." *Id.*

In applying the test, however, courts seem to find overlap in most cases between the second and third prongs (i.e., "nexus" and "wrongfulness"). In *Oxford Capital*, the Fifth Circuit stated that a levy was wrongful if "imposed without a sufficient evidentiary basis to do so" at the time of the levy. *Id.* at 286. *See also id.* at 287-9 (concurring opinion) (holding that the IRS must make a

1

showing of probable cause at the time the levy is imposed for the levy not to be wrongful). Other courts have seemed to merge the second and third elements as they are closely related. *See, e.g., Sharp Mgmt., LLC v. United States*, 2007 U.S. Dist. LEXIS 33712 at *7 (W.D. Wash. May 8, 2007) (merging the second and third elements but then stating that "the plaintiff must prove that the property actually belongs to him or her"). By regulation, the government provides examples of when a levy would be wrongful:

> …a levy is wrongful against a person (other than the taxpayer against whom the assessment giving rise to the levy is made), if (a) the levy is upon property exempt from levy under section 6334, or (b) *the levy is upon property in which the taxpayer had no interest at the time the lien arose or thereafter*, or (c) the levy is upon property with respect to which such person is a purchaser against whom the lien is invalid under section 6323 or 6324(a)(2) or (b), or (d) the levy or sale pursuant to levy will or does effectively destroy or otherwise irreparably injure such person's interest in the property which is senior to the Federal tax lien.

Treas. Reg. § 301.7426-1(b)(1) (emphasis added). *See also Craig v. United States*, 89 F. Supp. 2d 858 (S.D. Tex. 1999) (detailed analysis of wrongfulness of levy); *Schacle v. United States*, 1986 U.S. Dist. LEXIS 20479 (D. Ore. 1986) (describing wrongfulness as whether taxpayer had no interest at the time of the lien or thereafter). These regulatory examples provide no meaningful guidance in this case. That is, only the second example in the regulation seems relevant and it appears co-extensive with the first and second elements in the *Oxford Capital* analysis.

Still, *any* levy issued to collect taxes – whether to the taxpayer or to a third party – is required to comply with the procedural requirements for levies. Some of these procedural requirements include (1) that the liability upon which the levy was issued was previously assessed, (2) then notice and demand was issued, and (3) then the taxpayer neglects or refuses to pay that amount within ten days of demand. *See generally* 26 U.S.C. § 6331(a). Furthermore, "[n]o levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under section before such levy is made." 26

U.S.C. § 6330 (indicating that the notice must include the amount of unpaid tax, ability to request a hearing before levy, the proposed action and rights of the person, the right to a fair hearing by an impartial officer, and that the IRS must verify that "requirements of any applicable law or administrative procedure have been met"). *See Okoli v. Commissioner*, T.C. Memo 2025-119 at *6 (stating that Internal Revenue Manual procedures concerning "special condition" liens must be met to pass scrutiny); *Kenneth v. Commissioner*, 2026 U.S. Tax Ct. LEXIS 288 at *5-6 (U.S.T.C. Feb. 2, 2026) (IRS must follow Internal Revenue Manual in order to prove compliance with administrative procedures). Additionally, administrative tax levies are only permitted when issued *to collect taxes* and the proceeds must be applied to the tax liability collected. *See, e.g.,* 26 U.S.C. § 6342. The government is required to provide a receipt of all sums collected. 26 U.S.C. § 6314.

In sum, it is Neuberger Quinn's position that a levy is "wrongful" under the third prong of *Oxford Capital* if, among other things, (1) Neuberger Quinn's operating account did not belong to Lehcim, (2) the levy was imposed against Neuberger Quinn "without sufficient evidentiary basis" at the time of the levy, (3) the levy was not preceded by required assessment, notice and demand, refusal of payment, or required pre-levy hearing rights, or (4) where the levy proceeds were not properly applied in order to collect taxes owed and/or were not accounted for.

Finally, the failure to follow the internal operating procedures described in the Internal Revenue Manual may constitute evidence of wrongfulness – i.e., that the levy was imposed "without sufficient evidentiary basis". Within the Court's Order requesting this memo, it noted the following:

> In a similar vein, the disputed issue in this action is whether the levy was wrongful, not whether the Internal Revenue Service (IRS) complied with the internal policy guidance when effectuating the levy. *Oxford Cap. Corp. v. United States*, 211 F.3d 280, 285 n. 3 (5th Cir. 2000) ("As a general rule, the internal operating procedures of the IRS as described in the Internal Revenue Manual do not create rights in the

3

taxpayer and thus a violation of these procedures does not establish a cause of action for the taxpayer.").

Although the footnote quoted by the Court taken alone implies that violations of these procedures may not be relevant to the wrongfulness of this levy, the entirety of the footnote dictates the opposite conclusion. The remainder of the footnote states as follows:

> A corollary to this broad rule has developed however – that internal operating procedures intended to protect a citizen's constitutional rights can establish a cause of action. *See, e.g., United States v. McKee*, 192 F.3d 535, 544 (6th Cir. 1999) ("If the IRS's internal operating procedures afford anything less than faithful adherence to constitutional guarantees, then public confidence in the IRS will be undermined"); *United States v. Horne*, 714 F.2d 206, 207 (1st Cir. 1983) (per curiam). Since we are remanding to apply the proper shifting burden of proof, we need not address whether the failure to follow section 5.12.1.33 of the Internal Revenue Manual renders the levy *per se* wrongful for purposes of section 7426.

*Oxford Cap. Corp. v. United States*, 211 F.3d 280, 285 n. 3 (5th Cir. 2000). That is, this footnote and the holding of *Oxford Capital* clearly state that failure to follow the Internal Revenue Manual may be relevant to wrongfulness to the extent the procedures are intended to protect a constitutional right. Since *Oxford Capital* also stated that these specific procedures related to probable cause – a constitutional requirement for issuance of a levy – compliance (or lack of compliance) with them is relevant here. *See also id.* at 284, 285-6 ("Cause to believe that a third party is holding particular property of the taxpayer as a nominee, without cause to believe alter ego status, justifies a levy upon the property of the third party only with respect to that specific property held as a nominee.") ("While not dispositive, the IRS's failure to follow its own internal operating procedures is a further indication that it did not have cause to believe that RX was the alter ego of Oxford at the time the levy was imposed...This failure to pursue the internal policies further indicates that the IRS did not have cause to impose an alter ego levy at the time the levy was imposed."). *See also Steven N.S. Cheung, Inc. v. United States*, 2006 U.S. Dist. LEXIS 81048, at *9 (W.D. Wash. Oct. 24, 2006) (including failure to consult express provisions of Internal

4

Revenue Manual addressing determination of nominee liens and alter ego liens as a fact relevant to the wrongful levy analysis).

Dated: February 18, 2026            Respectfully Submitted,

           */s/ James P. Ulwick*
           James P. Ulwick (Fed. Bar No. 00536)
           Kramon & Graham, P.A.
           750 East Pratt Street, Suite 1100
           Baltimore, Maryland 21201
           (410) 752-6030
           (410) 539-1269 (facsimile)
           julwick@kg-law.com

           Brandon N. Mourges, Bar No. 29477
           CREPEAU MOURGES
           1344 Ashton Road, Suite 110
           Hanover, Maryland 21076
           Telephone: 667-900-9912
           Fax: 667-999-0202
           brandon@usataxlaw.com
           *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of February, 2026, the foregoing was filed electronically via CM/ECF, causing same to be served on all counsel of record.

           */s/ James P. Ulwick*
           James P. Ulwick

4919-7064-2320, v. 1